UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

MARIA L. SUAREZ,

       Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

       Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  The removal is based on diversity of citizenship, and this Court therefore has original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). The specific grounds for removal are the following:

### I.  STATEMENT OF THE CASE

Plaintiff Maria L. Suarez filed a Complaint against Home Depot in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, on or about May 29, 2020. The action is styled Maria L. Suarez v. Home Depot U.S.A., Inc., and is designated Case No. 502020CA005813XXXXMB (hereafter referred to as the "State Action").  Copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit A**.

Defendant was first served with the Summons and Complaint on June 3, 2020.  The Complaint does not specify the amount of damages sought, however, nor does it provide an estimate of same.  See **Exhibit A**, Pl.'s Compl.

## II.  GROUNDS FOR REMOVAL

This removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3), through application of 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1332(a), the State Court Action can be properly removed to this Court if there is (a) complete diversity of citizenship between Plaintiff and Defendant; and, (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**(a)      There is Complete Diversity of Citizenship.**

As set forth below, Plaintiff and Defendant are citizens of different states.

Plaintiff is a resident of Palm Beach County, Florida, and is a citizen of Florida for diversity purposes.  See **Exhibit A**, Pl's Compl. ¶ 5.

Pursuant to 28 U.S.C. § 1332(c), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business.  Defendant Home Depot is incorporated in the State of Delaware with its principal place of business in Atlanta, Georgia.  See **Exhibit B**, Declaration of Penny Paladino ¶ 3.  Thus, Home Depot is a citizen of Delaware and Georgia for purposes of determining diversity of citizenship.

As set forth above, this suit is between citizens of different states as required by 28 U.S.C. § 1332(a)(1).

**(b)** **The Amount in Controversy Exceeds $75,000.00.**

Pursuant to 28 U.S.C. § 1446(c)(2)(A), this Notice of Removal asserts that the amount in controversy is greater than $75,000.

Plaintiff's Complaint demands an unspecified amount of damages under the Florida Civil Rights Act (FCRA), including back pay, front pay or reinstatement, compensatory damages, punitive damages, and attorney's fees.  *See* **Exhibit A**, Pl.'s Compl. ¶¶ 71 and 87 (in the "prayer for relief" clauses following each paragraph).

Where, as in the instant case, a plaintiff has made an unspecified demand for damages in state court, the removing defendant must establish only by a ***preponderance of the evidence*** that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 1996) (emphasis added); see also 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). As such, the issue is whether – more likely than not – the amount in controversy exceeds $75,000.

The Eleventh Circuit has held that this "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer."  Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1997).  Importantly, "[t]he point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka, 608 F.3d at 754; see also South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the key is ***not*** "how much the plaintiffs are ultimately likely to recover," but "how much will be put at issue during the

litigation"). Here, all reasonable inferences demonstrate that the amount in controversy—more likely than not—exceeds $75,000.

First, the amount of Plaintiff's claimed back pay must be considered for the jurisdictional requirement. Plaintiff's employment ended on or about November 22, 2017. See **Exhibit B**, Declaration of Penny Paladino, ¶ 5. At the time her employment ended Plaintiff worked an average of forty hours per week and was paid $19.49 per hour (amounting to $779.60 per week). See **Exhibit B**, ¶ 6. Plaintiff's employment ended approximately 135 weeks ago. This means that her claimed back pay to date is approximately **$105,246.00**. This, by itself, exceeds the jurisdictional threshold.

Plaintiff is also seeking front pay or reinstatement under the FCRA. Front pay is a form of equitable relief awarded to a FCRA plaintiff in lieu of, or until, reinstatement. Brown v. Am. Express Co., No. 09-CIV-61758, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010). For amount-in-controversy purposes, such equitable relief is calculated as "the monetary value of the object of the litigation that would flow to the plaintiff" if the requested relief is granted. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

In the event that the Plaintiff can show that reinstatement is not feasible and this Court considers the issue of front pay, an award of one or two years of front pay is not uncommon in employment discrimination cases. See Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming front pay award of one year in an employment discrimination case under ADEA and FCRA); Brown v. Cunningham Lindsey U.S., Inc., No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (assuming one year of front pay when determining amount in controversy in an employment discrimination/retaliation lawsuit under the FCRA); see also Whittlesey v. Union Carbide Corp., 742 F.2d 724 (2d Cir. 1984) (affirming

award of 4 years front pay in an ADEA case).  In this case, if Plaintiff were to prevail at trial and the Court were to award her one year of front pay, she would recover an additional **$40,539.20**.

In addition, Plaintiff seeks an unspecified amount of compensatory damages.  See **Exhibit A**, Pl.'s Compl. ¶¶ 71 and 87 (in the "prayer for relief" clauses following each paragraph). Although Defendant takes the position that Plaintiff will not be entitled to such damages, they are likewise available under the FCRA, and are uncapped and unlimited. See Fla. Stat. § 760.11(5).  Accordingly, compensatory damages must be considered as well.

Compensatory damages, by themselves, often exceed the jurisdictional threshold in employment discrimination cases.  See Munoz, 223 F.3d at 1348 (affirming $150,000 compensatory damages jury award in an employment discrimination FCRA case); Hill v. Xerox Corp., 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (upholding a jury award of $457,000 for emotional distress for violation of the FCRA).  For her part, Plaintiff alleges that she suffered "mental pain, anguish, pain, and humiliation."  See **Exhibit A**, Pl.'s Compl. ¶ 71 (in the "prayer for relief" clause following the paragraph).

Finally, Plaintiff has demanded attorney's fees. See **Exhibit A**, Pl.'s Compl. ¶¶ 71 and 87 (in the "prayer for relief" clauses following each paragraph). The amount in controversy also includes Plaintiff's attorney's fees when a statutory cause of action entitles a party to them.  See Field v. Nat'l Life Ins. Co., No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *4 (M.D. Fla. Jan. 22, 2001).  Attorney's fees are authorized by the FCRA, and therefore must be included here. See Fla. Stat. § 760.11(5).

Courts have found that reasonable hourly rates in Southern Florida for attorneys handling FCRA cases can range anywhere from $175 to $350 per hour.  See Holland v. Gee, No. 8:08-CV-2458-T-33AEP, 2012 WL 5845010, at *5 (M.D. Fla. Oct. 23, 2012) (awarding plaintiff $175

and $350 per hour for attorney fees depending on experience level of counsel).  As such, attorney fees in employment cases often alone exceed the jurisdictional threshold of $75,000.  See Mock v. Bell Helicopter Textron, Inc., No. 6:04-CV-1415, 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $ 342,207.81 in attorney fees in age discrimination case); EEOC v. Enterprise Leasing Co., Inc., No. 8:00-CV-2012-T-24-EAD, 2003 WL 21659097, at * 8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $ 77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar.).  Although Defendant denies that Plaintiff will be able to recover such damages in this action, an amount of $75,000 would be a reasonable estimation for the purposes of calculating the amount in controversy.

Whatever the individual amounts, it is clear that when all recoverable damages are included, it is well beyond the required more-likely-than-not standard that the value of the case exceeds $75,000.00.  For these reasons, it is more likely than not that the amount-in-controversy threshold is satisfied.[1]

Because the value of Plaintiff's claims more likely than not exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the district court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a).  This action may therefore be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

---

[1] To be clear, Home Depot does not believe Plaintiff is entitled to these amounts, or anywhere near them, even should she prevail in this case, which Home Depot strenuously believes she should not.  Rather, this is the proper measure of damages that Plaintiff has claimed and that her complaint has put at issue.  See South Florida Wellness, 745 F.3d  at 1315 (explaining that the key is not "how much the plaintiffs are ultimately likely to recover," but "how much will be put at issue during the litigation").

### III. VENUE

Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court in and for Palm Beach County, Florida. See 28 U.S.C. § 1446(b)(3).

### IV. CONSENT OF OTHER DEFENDANTS

There are no other defendants who would need to join in or consent to this Notice of Removal.

### V.   TIMELINESS OF REMOVAL

The Defendant was first served with the summons and complaint on June 3, 2020.  Thus, Defendant is filing this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### VI. ATTACHMENT OF STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the State Court Action is annexed hereto as **Exhibit A**.

### VII.   NOTICE OF REMOVAL GIVEN TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  See **Exhibit C**.

Dated: June 23, 2020.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

Kelly M. Peña
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Kelly M. Peña
Florida Bar No. 106575
kelly.pena@ogletreedeakins.com

*Counsel for Defendant*,
*Home Depot U.S.A., Inc.*

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Kelly M. Peña

Kelly M. Peña

9

## <u>SERVICE LIST</u>

*Maria L. Suarez v. Home Depot U.S.A., Inc.*
*United States District Court for the Southern District of Florida*
CASE NO._____

Zandro E. Palma
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.446.1500
Facsimile: 305.446.1502

*Counsel for Plaintiff,*
*Maria L. Suarez*

Method of Service:  CM/ECF

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Kelly M. Peña
kelly.pena@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant,*
*Home Depot U.S.A., Inc.*

43250863.1